IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John M. BAKER, Attorney at Law.

Supreme Court

*No. 97–1154–D. Filed October 1, 1997.*

(Also reported in 568 N.W.2d 647.)

 

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of John M. Baker to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of his failure to act with reasonable diligence and promptness in representing several clients, knowingly disobeying the orders of a court, failing to surrender papers and property belonging to a client when his representation of that client was terminated, and failing to cooperate and respond in the investigation of the Board of Attorneys Professional Responsibility (Board) into his conduct. In addition to that license suspension, the referee recommended that conditions be imposed on Attorney Baker's resumption of practice following the period of suspension.

¶ 2. We determine that the recommended license suspension is appropriate discipline for Attorney Baker's professional misconduct established in this proceeding. Moreover, the conditions to which the parties stipulated and which the referee has recommended are appropriate for imposition following reinstatement of Attorney Baker's license, as they address a possible medical condition that might have interfered and may continue to interfere with the proper performance of his professional responsibilities.

¶ 3. Attorney Baker was admitted to practice law in Wisconsin in 1983 and practices in Milwaukee. He currently resides in Skokie, Illinois. In September, 1992, he consented to a private reprimand from the Board for failing to take action on a client's wage claim matter, which resulted in the running of the statute of limitations on it, and failing to return any of the client's

numerous telephone messages over a period of three years. The referee in this proceeding, Attorney Stanley F. Hack, made findings of fact and conclusions of law consistent with the parties' stipulation.

¶ 4. In March, 1996, the Court of Appeals ordered Attorney Baker to withdraw a no merit report he had filed on behalf of a client in a criminal appeal and to seek resentencing of the client by filing a post-conviction motion within 20 days and to inform the court that he had done so. When the Court of Appeals learned that he had not complied with that order without reasonable justification, it found his conduct egregious, fined him $500, and dismissed him from handling the client's appeal. Thereafter, Attorney Baker did not turn over the client's papers and file to successor counsel, despite a request to do so. The Court of Appeals found that noncooperation to constitute a violation of SCR 20:1.16(d)[1] and found Attorney Baker in contempt for failing to pay or to make arrangements to pay the $500 penalty previously ordered. The court also barred him from practice before it until the penalty were paid.

¶ 5. The referee concluded that Attorney Baker's failure to withdraw the no merit report and file a post-conviction motion, as ordered by the Court of Appeals, constituted a failure to act with reasonable diligence

---

[1] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

and promptness in representing a client, in violation of SCR 20:1.3,[2] and his failure to promptly withdraw the no merit report and file a postconviction motion and his failure to pay or make arrangements to pay or notify the court of his alleged inability to pay the monetary penalty levied against him constituted knowing disobedience of the rules of that court, in violation of SCR 20:3.4(c).[3] His failure to turn over the client's papers and file to successor counsel when his representation of that client was terminated violated SCR 20:1.16(d).

¶ 6. In the fall of 1996, while representing a client in a criminal matter, Attorney Baker did not return to court as ordered and failed to appear at a pretrial conference. When he did not appear at the rescheduled pretrial, the court removed him as the client's attorney. At about the same time, Attorney Baker failed to appear at another client's preliminary hearing until five hours after it was scheduled to be held. He had to be telephoned by court staff before making two other appearances in that client's matter, and he did not appear at all for a scheduled court appearance when court staff was unsuccessful in its attempt to contact him. The referee concluded that this failure to act with

---

[2] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:3.4 provides, in pertinent part:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

reasonable diligence and promptness in representing these clients violated SCR 20:1.3.

¶ 7. In March, 1996, after filing a personal injury action on behalf of a client, Attorney Baker did not respond timely to the defendants' written interrogatories, did not appear at the hearing on their motion to compel discovery, resulting in $100 in costs being assessed against his client, and failed to file a witness list, list of special damages and a permanency report within the deadline established by the court's scheduling order. The $100 check he sent to the defendants was returned for insufficient funds.

¶ 8. After failing to appear or have his client appear for a scheduled deposition in February, 1997, Attorney Baker told the court that he was experiencing some personal mental health problems, and the court adjourned the matter to allow him time to resolve them. Thereafter, Attorney Baker did not appear at a scheduled motion hearing in the matter or at the rescheduled hearing. The referee concluded that Attorney Baker failed to act with reasonable diligence and promptness in representing that client, in violation of SCR 20:1.3.

¶ 9. When the Board contacted him concerning his conduct in the appellate matter, Attorney Baker did not reply to four letters from the Board and did not contact the investigator to whom the matter was referred. He did not respond to the Board's notice to attend an investigative interview until he learned that the investigator intended to subpoena all of the attorneys who worked in the office suite where he practiced. Although he met with the investigator, Attorney Baker did not thereafter furnish the necessary information for medical authorizations and releases, as the Board had requested. The referee concluded that this failure

to cooperate in the Board's investigation violated SCR 21.03(4)[4] and 22.07(2) and (3).[5]

¶ 10. As discipline for that misconduct, the referee recommended a six-month license suspension, to which the parties had stipulated. In addition, the referee recommended that the following conditions be imposed upon reinstatement of Attorney Baker's license: (1) a psychiatric evaluation to determine the existence of a mental illness or disorder and any causal relationship between it and the professional misconduct established in this proceeding, (2) if diagnosed as having a causal psychiatric condition, verification of

---

[4] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

treatment and recovery prior to reinstatement, (3) for two years following reinstatement, supervision of his practice by an attorney approved by the Board.

¶ 11. We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension is appropriate discipline to impose for Attorney Baker's misconduct. In addition, we impose the conditions recommended by the referee in respect to reinstatement of his license following the period of suspension.

¶ 12. IT IS ORDERED that the license of John M. Baker to practice law in Wisconsin is suspended for a period of six months, commencing November 3, 1997.

¶ 13. IT IS FURTHER ORDERED that, following the period of suspension, reinstatement of his license shall be conditioned as set forth herein.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order John M. Baker pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John M. Baker to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15. IT IS FURTHER ORDERED that John M. Baker comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.